UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NICOLE HARDY,

    Plaintiff,                                                   CASE NO.:

vs.

MANS INVESTMENT BROWARD COUNTY, LLC, a Florida limited liability company, NISHI MALLICK, an individual, and SHREYA MALLICK, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, NICOLE HARDY (the "Plaintiff") by and through her undersigned attorney, and sues Defendants, MANS INVESTMENTS BROWARD COUNTY, LLC (the "Employer"), NISHI MALLICK ("N. Mallick") and SHREYA MALLICK ("S. Mallick")(collectively the Defendants) and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action to recover money damages for unpaid minimum and overtime wages, under the laws of the United States and the State of Florida. This court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219 (§ 216 for jurisdictional placement) ("the FLSA"), and F.S.A. § 448.10, 29 U.S.C. § 207 (a)(2)(c), under 28 U.S.C. § 1343.

2. The corporate Defendant, MANS INVESTMENTS BROWARD COUNTY, LLC is a Florida limited liability company, having its principal place of business in Broward County, Florida, where the Plaintiff was employed.

3. Defendant N. Mallick, is a member and manager of the Employer and a resident of the State of Florida.

4. Defendant S. Mallick is a member and manager of the Employer and a resident of the State of Florida.

5. This action is brought by Plaintiff to recover from the Employer unpaid minimum and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. §201 et.seq., and specifically under the provisions of 29 U.S.C. § 207.

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 §216 (b). The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.

7. This is an action for unpaid overtime compensation, unpaid minimum wage, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees pursuant to the FLSA, § 207.

## **GENERAL ALLEGATIONS**

8. Defendants' business activities involve those for which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce during the relevant time period. Plaintiff's work for the Defendants affected interstate commerce during the relevant time period because of the handling of administration and paperwork regarding records and handling of monetary-related records include credit card payments. The Plaintiff would also use equipment obtained in the stream of interstate commerce

to conduct her activities. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while Plaintiff worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

9. Employer had more than two employees.

10. It is the understanding of Plaintiff that the Employer has revenues in excess of five hundred thousand Dollars for the years 2021 and 2022.

11. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce of goods for commerce as defined in 29 U.S.C. §§ 3(r) and 3(s) of the FLSA.

12. From the moment Plaintiff was employed by Employer, Plaintiff worked and lived on the premises of the motel paying market rate rent to Defendant, which was located at 4211 North Federal Highway, Pompano Beach, Florida 33064 (the "Premises").

13. Plaintiff was under-paid. Plaintiff was paid approximately $340.00 per-week by the Employer while working an average of 49 hours per week. Such equates to a wage of $6.94 *an hour*.

14. Plaintiff resided on the Premises and was expected to work between the hours of 2 p.m. to 10:00 p.m. for 5 days of the week. Plaintiff was additionally expected to work between the hours of 7:30 a.m. to 10:30 a.m. for on average three days of the week. Plaintiff would routinely be subjected to duties at all hours during these time period. Such duties included administrative duties such as bookkeeping and record keeping in the office of the premise and other front-desk and customer service activities.

15. Plaintiff began working for Defendants in December 2021, and her employment with Defendants terminated on May 25, 2022.

16. N. Mallick and S. Mallick were both direct supervisors of Plaintiff. N. Mallick and S. Mallick would provide Plaintiff with all her assigned tasks, at the above stated hours of the day and night, and require Plaintiff to immediately conduct her work.

17. Defendants willfully and intentionally refused to pay Plaintiff's minimum wage and overtime wages as required by the Fair Labor Standards Act. Defendants knew of the overtime requirements of the Fair Labor Standards Act and intentionally failed to conduct any payroll practices in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

18. The Defendants sold the Premises in May 2022 and no longer operate or own the motel. Plaintiff's employment with Defendants terminated upon such sale.

19. Plaintiff has retained the law of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fees.

## COUNT I
## UNPAID MINIMUM WAGE VIOLATION AGAINST MANS INVESTMENTS BROWARD COUNTY, LLC

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as fully set forth herein.

21. Employer failed to comply with Title 29 U.S.C. §§ 201 – 219 and 29 C.F.R. § 516.2 and § 516.4 et. seq. in that it failed to pay Plaintiff required minimum wages for a portion of the work that the Plaintiff worked under 40-hours per week.

22. During the period of employment, Plaintiff was not paid the minimum wage required by the FLSA. Specially, Plaintiff worked 49 hours a week under the minimum wage required under the FLSA.

23. Plaintiff was paid approximately $340.00 per week. Which equals approximate hourly wage of $6.94 per hour.

24. Employer knew Plaintiff suffered or was permitted to work for Employer defined in 29 U.S.C. § 203 (g) for less than minimum wage.

25. Employer failed and refused to compensate Plaintiff for such work at the required minimum wage, contrary to the provisions of the FLSA.

26. At all times material hereto, Employer knew that the herein described refusal and /or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and showed reckless disregard for whether herein described refusal and failure were violations of the FLSA.

27. At all times material hereto, Employer failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

28. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and are obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff requests compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wage owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that the Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for unpaid minimum wage, and any and all other relief which this Court deems reasonable under the circumstances.

**COUNT II**
**UNPAID MINIMUM WAGE VIOLATION AGAINST NISHI MALLICK**

29. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as fully set forth herein.

30. N. Mallick failed to comply with Title 29 U.S.C. §§ 201 – 219 and 29 C.F.R. § 516.2 and § 516.4 et. seq. in that it failed to pay Plaintiff required minimum wages for a portion of the work that the Plaintiff worked under 40-hours per week.

31. During the period of employment, Plaintiff was not paid the minimum wage required by the FLSA. Specially, Plaintiff worked 49 hours a week under the minimum wage required under the FLSA.

32. Defendant, N. Mallick, had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d)

33. Plaintiff was paid approximately $340.00 per week. Which equals approximate hourly wage of $6.94 per hour.

34. N. Mallick knew Plaintiff suffered or was permitted to work for Employer defined in 29 U.S.C. § 203 (g) for less than minimum wage.

35. N. Mallick failed and refused to compensate Plaintiff for such work at the required minimum wage, contrary to the provisions of the FLSA.

36. At all times material hereto, N. Mallick knew that the herein described refusal and /or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and showed reckless disregard for whether herein described refusal and failure were violations of the FLSA.

37. At all times material hereto, N. Mallick failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

38. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and are obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff requests compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wage owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that the Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for unpaid minimum wage, and any and all other relief which this Court deems reasonable under the circumstances

### COUNT III
### UNPAID MINIMUM WAGE VIOLATION AGAINST SHREYA MALLICK

39. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as fully set forth herein.

40. S. Mallick failed to comply with Title 29 U.S.C. §§ 201 – 219 and 29 C.F.R. § 516.2 and § 516.4 et. seq. in that it failed to pay Plaintiff required minimum wages for a portion of the work that the Plaintiff worked under 40-hours per week.

41. Defendant, S. Mallick, had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d)

42. During the period of employment, Plaintiff was not paid the minimum wage required by the FLSA. Specially, Plaintiff worked 49 hours a week under the minimum wage required under the FLSA.

43. Plaintiff was paid approximately $340.00 per week. Which equals approximate hourly wage of $6.94 per hour.

44. S. Mallick knew Plaintiff suffered or was permitted to work for Employer defined in 29 U.S.C. § 203 (g) for less than minimum wage.

45. S. Mallick failed and refused to compensate Plaintiff for such work at the required minimum wage, contrary to the provisions of the FLSA.

46. At all times material hereto, S. Mallick knew that the herein described refusal and /or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and showed reckless disregard for whether herein described refusal and failure were violations of the FLSA.

47. At all times material hereto, S. Mallick failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

48. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and are obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff requests compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wage owing from Plaintiffs' entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that the Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for unpaid minimum wage, and any and all other relief which this Court deems reasonable under the circumstances

### COUNT IV
### UNPAID OVERTIME VIOLATION AGAINST MANS INVESTMENTS BROWARD COUNTY, LLC

49. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as fully set forth herein.

50. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201 – 219 and 29 C.F.R. § 516.2 and § 516.4 et. seq. in that Plaintiff performed services and worked in

excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of 40-hours per week as mandated in the FLSA.

51. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week

52. During the period of employment, Plaintiff was not paid the overtime wages as required by the FLSA. Specially, Plaintiff worked 49 hours a week under the minimum wage required under the FLSA.

53. Plaintiff was paid approximately $340.00 per week. Which equals approximate hourly wage of $6.94 per hour.

54. Therefore, Plaintiff has unpaid overtime in the amount of 9 hours per-week.

55. Employer failed to pay Plaintiff the required wages in violation of the overtime wage requirement established by the FLSA.

56. Employer failed to properly maintain records for additional hours worked by Plaintiff in excess of forty (40) hours per week.

57. Plaintiff worked on average 9 overtime hours per week for which she was only compensated at a below minimum wage rate.

58. Employer knew Plaintiff suffered or was permitted to work for Employer defined in 29 U.S.C. § 203 (g) for less than required overtime pay.

59. Employer failed and refused to compensate Plaintiff for such work at the required minimum wage, contrary to the provisions of 29 U.S.C. § 207(a).

60. At all times material hereto, Employer knew that the herein described refusal and /or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited

herein and showed reckless disregard for whether herein described refusal and failure were violations of the FLSA.

61. At all times material hereto, Employer failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

62. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and are obligated to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff requests compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that the Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances

**COUNT V**
**UNPAID OVERTIME VIOLATION AGAINST NISHI MALLICK**

63. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as fully set forth herein.

64. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201 – 219 and 29 C.F.R. § 516.2 and § 516.4 et. seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of 40-hours per week as mandated in the FLSA.

65. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

66. Defendant, N. Mallick, had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d)

67. During the period of employment, Plaintiff was not paid the overtime wages as required by the FLSA. Specially, Plaintiff worked 49 hours a week under the minimum wage required under the FLSA.

68. Plaintiff was paid approximately $340.00 per week. Which equals approximate hourly wage of $6.94 per hour.

69. Therefore, Plaintiff has unpaid overtime in the amount of 9 hours per-week.

70. N. Mallick failed to pay Plaintiff the required wages in violation of the overtime wage requirement established by the FLSA.

71. N. Mallick failed to properly maintain records for additional hours worked by Plaintiff in excess of forty (40) hours per week.

72. Plaintiff worked on average 9 overtime hours per week for which she was only compensated at a below minimum wage rate.

73. N. Mallick knew Plaintiff suffered or was permitted to work for Employer defined in 29 U.S.C. § 203 (g) for less than required overtime pay.

74. N. Mallick failed and refused to compensate Plaintiff for such work at the required minimum wage, contrary to the provisions of 29 U.S.C. § 207(a).

75. At all times material hereto, N. Mallick knew that the herein described refusal and /or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and showed reckless disregard for whether herein described refusal and failure were violations of the FLSA.

76. At all times material hereto, N. Mallick failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

77. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and are obligated to pay a reasonable attorney's fees.

   **WHEREFORE**, Plaintiff requests compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that the Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT VI
## UNPAID OVERTIME VIOLATION AGAINST SHREYA MALLICK

78. Plaintiff re-alleges and incorporates paragraphs 1 through 19 as fully set forth herein.

79. At all times material hereto, the Employer failed to comply with Title 29 U.S.C. §§ 201 – 219 and 29 C.F.R. § 516.2 and § 516.4 et. seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay Plaintiff at the rate of time and one-half for all hours worked in excess of 40-hours per week as mandated in the FLSA.

80. Plaintiff was a non-exempt employee, entitled to be paid at the rate of one and one-half for all hours worked in excess of forty (40) hours per week.

81. Defendant, S. Mallick, had day-to-day and operational control of Plaintiff and her compensation structure and is therefore an employer pursuant to 29 U.S.C. § 203(d)

82. During the period of employment, Plaintiff was not paid the overtime wages as required by the FLSA. Specially, Plaintiff worked 49 hours a week under the minimum wage required under the FLSA.

83. Plaintiff was paid approximately $340.00 per week. Which equals approximate hourly wage of $6.94 per hour.

84. Therefore, Plaintiff has unpaid overtime in the amount of 9 hours per-week.

85. S. Mallick failed to pay Plaintiff the required wages in violation of the overtime wage requirement established by the FLSA.

86. S. Mallick failed to properly maintain records for additional hours worked by Plaintiff in excess of forty (40) hours per week.

87. Plaintiff worked on average 9 overtime hours per week for which she was only compensated at a below minimum wage rate.

88. S. Mallick knew Plaintiff suffered or was permitted to work for Employer defined in 29 U.S.C. § 203 (g) for less than required overtime pay.

89. S. Mallick failed and refused to compensate Plaintiff for such work at the required minimum wage, contrary to the provisions of 29 U.S.C. § 207(a).

90. At all times material hereto, S. Mallick knew that the herein described refusal and /or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and showed reckless disregard for whether herein described refusal and failure were violations of the FLSA.

91. At all times material hereto, S. Mallick failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

92.     Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and are obligated to pay a reasonable attorney's fees.

**WHEREFORE**, Plaintiff requests compensatory and liquidated damages, prejudgment interest, and reasonable attorney's fees from all Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that the Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

Respectfully Submitted,

**VAZQUEZ & ASSOCIATES**
*Attorneys for Plaintiff*

By: **/s/ STEVEN B. HERZBERG**
Steven B. Herzberg, Esq.
Florida Bar No. 111541
 E-mail: sh@gvazquez.com
By: **/s/ GERARDO A. VAZQUEZ**
Gerardo A. Vazquez, Esq.
Florida Bar No. 006904
E-mail: gv@gvazquez.com
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Phone:  (305) 371-8064

## **JURY DEMAND**

Plaintiff demand trial by jury of all issues triable as of right by jury.

By: **/s/ STEVEN B. HERZBERG**
Steven B. Herzberg, Esq.
Florida Bar No. 111541
 E-mail: sh@gvazquez.com
By: **/s/ GERARDO A. VAZQUEZ**
Gerardo A. Vazquez, Esq.
Florida Bar No. 006904
E-mail: gv@gvazquez.com
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Phone:  (305) 371-8064